KIRWAN v. PIZER et al.

(Supreme Court, Appellate Term. April 10, 1908.)

1. APPEAL—REVIEW—FINDING—CONCLUSIVENESS.
    A finding on conflicting evidence will not be disturbed on appeal.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3935–3937.]

2. BROKERS—REAL ESTATE—ACTION FOR COMMISSION—OWNER OF BENEFICIARY INTEREST—LIABILITY.
    Recovery of a real estate broker's commission for procuring a purchaser cannot be had against one who merely had a beneficiary interest in the property without authority to sell, and who, so far as she acted in negotiations resulting in the sale, invariably referred the broker to others, who alone could convey.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 62.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by John P. Kirwan against Laura Pizer and others. From a judgment for plaintiff, defendants appeal. Reversed as to defendant Laura Pizer, and affirmed as to other defendants.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Max Schleimer, for appellants.

Bouvier & Dugro (John Vernou Bouvier, Jr., John B. Doyle, and Dudley Davis, of counsel), for respondent.

PER CURIAM. This action was brought against the defendants to recover the sum of $300, commissions claimed to have been earned by the plaintiff in procuring a purchaser for certain real estate. The defendant Laura Pizer is the widow of one Jacob Pizer, deceased, who in his lifetime was the owner of the premises claimed to have been sold through the efforts of the plaintiff. The other defendants are the executors and trustees of the estate of said Jacob Pizer, deceased. Upon the question as to whether or not the plaintiff was the procuring cause of the sale of the premises there was a conflict of evidence, and the finding of the jury need not be disturbed. The evidence shows, however, that the defendant Laura Pizer had merely a beneficiary interest in the property sold, that she had no authority to sell, and that so far as she acted in the negotiations leading up to the sale she invariably referred the broker to the executors and trustees, who alone had power to convey the property. The judgment as to her must therefore be reversed.

Judgment against Laura Pizer reversed, with costs. Judgment against Leon Pizer, Edward Schnaper, and Samuel Schnaper affirmed, with costs.